JOHN L. SUPPLE (SBN: 94582)
jsupple@jsupplelaw.com
ROBERT D. SANFORD (SBN: 129790)
rsanford@jsupplelaw.com
KATHLEEN HUMPHREY (SBN 169374)
khumphrey@jsupplelaw.com
J SUPPLE LAW
A Professional Corporation
2330 Marinship Way, Suite 250
Sausalito, CA  94965
Telephone: (415) 366-5533
Facsimile:  (415) 480-6301

Attorneys for Defendants
XYTEX CORPORATION, XYTEX CRYO INTERNATIONAL, LTD., J. TODD SPRADLIN, M.D., MARY HARTLEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1 & JANE DOE 2<br><br>Plaintiffs,<br><br>vs.<br><br>XYTEX CORPORATION, a Georgia Corporation; XYTEX CRYO INTERNATIONAL LTD., a Georgia Corporation; MARY HARTLEY, an individual; J. TODD SPRADLIN, an individual; and DOES 1-25, inclusive,<br><br>Defendant. | Case No. 3:16-cv-02935 WHA<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT XYTEX CORPORATION TO TRANSFER ACTION; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER ACTION**<br><br>Date:  July 14, 2016<br>Time:  8:00 a.m.<br>Courtroom:  8<br>Judge:  William H. Alsup<br><br>Trial Date: None Set<br>Action Removed: June 1, 2016 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 14, 2016 at 8:00 a.m., or as soon as possible thereafter, in Courtroom 8 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Xytex Corporation will and hereby does move this Court for an order to transfer this action to the United States District Court for the Southern District of Georgia.

This Motion is filed pursuant to 28 U.S.C. §1404(a) on the ground that Plaintiffs and Xytex Corporation agreed that venue was proper in the state or federal courts in Richmond County, Georgia, which is located in the Southern District of Georgia.

This Motion is based on this Notice; the following Memorandum of Points & Authorities; the Declaration of Jan Scholer, Ph.D.; all pleadings and papers on file herein; any reply papers to be filed and such further argument and evidence as may be presented to the Court at the hearing.

Respectfully submitted,

Dated: June 8, 2016          J SUPPLE LAW, A Professional Corporation


By:   */s/   Robert D. Sanford*
      JOHN L. SUPPLE
      ROBERT D. SANFORD
      KATHLEEN HUMPHREY

Attorney for Defendants
XYTEX CORPORATION, XYTEX CRYO INTERNATIONAL, LTD., J. TODD SPRADLIN, M.D., and MARY HARTLEY

J SUPPLE LAW PC
2330 Marinship Way, Suite 250
Sausalito, CA 94965

# TABLE OF CONTENTS

**<u>PAGE</u>**

TABLE OF AUTHORITIES ................................................................................................................ 4

I. INTRODUCTION ................................................................................................................ 5

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................................... 5

    A. The Parties ................................................................................................................ 5

    B. Summary of Factual Allegations .............................................................................. 6

    C. Procedural History .................................................................................................... 7

III. ARGUMENT ........................................................................................................................ 8

    A. The Court Should Transfer the Action Pursuant to 28 U.S.C. §1404(a) Because the Parties Agreed to Venue in United States District Court for the Southern District of Georgia ................................................................................ 8

    B. There Is No Public Policy that Contravenes the Enforceable Forum Selection Clause ...................................................................................................... 10

IV. CONCLUSION .................................................................................................................... 13

J SUPPLE LAW PC
2330 Marinship Way, Suite 250
Sausalito, CA 94965

# TABLE OF AUTHORITIES

**PAGE**

<u>Cases</u>

*Atlantic Marine Construction Co. v. U.S. District Court for Western District of Texas*
  __ U.S. __, 134 S. Ct. 568 ................................................................................ 5, 8, 9, 10, 11
*Carnival Cruise Lines, Inc. v. Shute*
  499 U.S. 585 ........................................................................................................................ 9, 11
*Doe 1 v. AOL LLC*
  552 F.3d 1077 (9th Cir.2009) ............................................................................................ 10, 11
*East Bay Women's Health, Inc. v. gloStream, Inc.*
  2014 WL 1618382, *2-3 (N.D. Cal. 2014) ............................................................................... 12
*Galaviz v. Berg*
  763 F. Supp. 2d 1170, 1173 (N.D. Cal. 2011) .................................................................... 10, 11
*R.A. Argueta v. Banco Mexicano, S.A.*
  87 F.3d 320, 325 (9th Cir.1996) .............................................................................................. 10
*Rowen v. Soundview Communications, Inc.*
  2015 WL 899294 (N.D. Cal. 2015) ..................................................................................... 5, 12
*Sawyer v. Bill Me Later*
  2011 WL 7718723, *5-6 (CD Cal. 2011) ........................................................................... 10, 12
*Stewart Organization, Inc. v. Ricoh Corp.*
  487 U.S. 22, 33 (1988)............................................................................................................ 5, 8
*Swenson v. T–Mobile USA, Inc.*
  415 F.Supp.2d 1101, 1105 (S.D.Cal.2006)............................................................................... 12
*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*
  83 F. Supp. 3d 855, 868 (N.D. Cal. 2015) ............................................................................... 10
*Ultratech, Inc. v. Ensure NanoTech (Beijing), Inc.*
  108 F. Supp.3d 816, 822-823 (N.D. Cal. 2015)......................................................................... 6
*Voicemail Club, Inc. v. Enhanced Servs. Billing, Inc.*
  2012 WL 4837697, *3 (N.D. Cal. 2012) .................................................................................. 12

<u>Statutes</u>

28 U.S.C. §1404(a) ........................................................................................................................ 8
California Business & Professions Code §16600 ........................................................................ 12

<u>Other Authorities</u>

California Consumer Legal Remedies Act ("CLRA") ................................................................ 11

J SUPPLE LAW PC
2330 Marinship Way, Suite 250
Sausalito, CA  94965

## I. INTRODUCTION

Plaintiffs purchased human sperm from Defendant Xytex Corporation ("Xytex") which they allege was defective. As part of their purchase of the sperm and use of Xytex's website, Plaintiffs accepted a written agreement with Xytex that includes a forum selection clause requiring any litigation arising out of the purchase to be filed in state or federal court in Richmond County, Georgia. Richmond County is located in the jurisdiction of the United States District Court, Southern District of Georgia. Accordingly, pursuant to 28 U.S.C. §1404(a), Xytex respectfully files this motion to transfer this action to the Southern District of Georgia.

The law is well-established that "a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'". *Atlantic Marine Construction Co. v. U.S. District Court for Western District of Texas*, __ U.S. __, 134 S. Ct. 568, 579, *quoting Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988). This is not an exceptional case. Plaintiffs cannot meet their "heavy burden" to require the Court to disregard the parties' agreement to venue in the Southern District of Georgia, which must be enforced unless the transfer pursuant to the clause would violate a strong public policy of California as stated in a statute or judicial decision. *See, e.g. Rowen v. Soundview Communications, Inc.,* 2015 WL 899294 (N.D. Cal. 2015). There is no such public policy. The Court should transfer this action to the proper venue in the Southern District of Georgia.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. The Parties

Plaintiffs Jane Doe 1 and Jane Doe 2 are San Francisco residents who sued under fictitious names. Complaint, ¶1. Defendant Xytex is a corporation formed under the laws of Georgia with its principal place of business in Augusta, Georgia. Complaint, ¶3; Declaration of Jan Scholer in Support of Motion to Transfer Action ("Scholer Decl."), ¶2. Plaintiffs also named three Defendants who are filing a motion to dismiss for lack of personal jurisdiction concurrently with this motion: Defendant Xytex Cryo International Ltd, which .is the parent corporation of

///

///

Xytex, its wholly-owned subsidiary; and two Xytex employees, Mary Hartley and J. Todd Spradlin, M.D.[1]  Complaint, ¶¶4-6.

### B.     Summary of Factual Allegations

Plaintiffs allege that they conducted "online research" regarding artificial insemination "and came across the Xytex website, which looked very professional." Complaint, ¶30, p. 12:23-26.  According to the Complaint, Plaintiffs "were impressed by the screening procedures described on the website, and they thoroughly scrutinized the medical and social histories of the sperm donors on the website." Complaint, ¶30, pp. 12:26-13:1. From about 1997 until the present, Xytex has owned and maintained the website at xytex.com ("Website").   Declaration of Jan Scholer, Ph.D. in Support of Motion to Transfer or Dismiss ("Scholer Decl."), ¶2.

Plaintiffs allege that they purchased the human sperm of Donor #9623 from Xytex shortly after viewing the Website and telephoning Xytex and speaking with Hartley regarding Donor #9632.  Complaint ¶31, p. 13:3-15.  At a date unspecified in the Complaint, Plaintiffs purchased sperm of Donor #9623 "through a credit card transaction" with Xytex, which shipped the sperm to San Francisco.  *Id.* at ¶32.  Plaintiff Jane Doe 1 became pregnant as the result of artificial insemination of Donor #9623's sperm on an unspecified date and gave birth to "P.S.," who is now nine years old.  *Id.* at ¶33.

As shown by invoices generated by Xytex, Plaintiffs purchased the right to access the Website as registered users on December 1, 2004, and purchased the sperm of Donor #9623 on December 17, 2004.  Scholer Decl., ¶3, Ex. A ("Invoices").[2]  At the time of these purchases, Plaintiffs entered into a written Site Usage and Information Agreement ("Agreement") by using the Website and the services provided Xytex through the Website, including the purchase of

---

[1] As an alternative to their motion to dismiss, Xytex International, Hartley and Spradlin join in this motion since the claims against them arise out of the Agreement. *Ultratech, Inc. v. Ensure NanoTech (Beijing), Inc.*, 108 F. Supp.3d 816, 822-823 (N.D. Cal. 2015) ["With one exception, every district court in our circuit that has considered whether to apply a forum-selection clause to a corporate officer or related company that was not part of the agreement to which it applies in his or her individual capacity has enforced that forum-selection clause, provided the claims in the suit related to the contractual relationship."].

[2] The Invoices are redacted to protect the identity of Plaintiffs who have filed this action under fictitious names, but unredacted invoices will be provided to Plaintiffs and available to be reviewed by the Court at the hearing.

-6-

J SUPPLE LAW PC
2330 Marinship Way, Suite 250
Sausalito, CA 94965

sperm.  Scholer Decl., ¶4, Ex. B, §I.  The Agreement was posted on the Website at the time of Plaintiffs' purchase of the sperm and expressly advised website users such as Plaintiffs, in capital letters, that the Agreement was a binding legal agreement and should be read carefully before using the website:

> I.  IMPORTANT!  THIS IS A BINDING LEGAL AGREEMENT (this "Agreement").  PLEASE READ THESE TERMS AND CONDITIONS OF USE CAREFULLY BEFORE USING THIS SITE.
>
> The Agreement governs your use of this site (collectively, the "Site") and is by and between Xytex Corporation (referred to herein as "Xytex", "we", "us", or "our") and you, on behalf of yourself and the buyer, member or supplier for which you have registered ("you").  <u>By using, viewing, transmitting, caching, storing and/or otherwise utilizing the Site, the services or functions offered in or by the Site and/or the contents of the Site in any way, you have agreed to each and all of the terms and conditions set for the below</u>, and waive any right to claim ambiguity or error in this Agreement.  If you do not agree to each and all of these terms and conditions please do not use the Site and leave the Site immediately….

*Id.* at ¶4, Ex. B, §1 [underline added].

> Section XV of the Agreement contains the following choice-of-forum provision:
>
> You agree that any action at law or in equity arising out of or relating to the terms of this Agreement shall be filed only in the state or federal courts located in Richmond County, Georgia and you hereby consent and submit to the personal jurisdiction of such courts for the purposes of litigating any such action.

*Id.* at ¶4, Ex. B, §XV.

### C.     Procedural History

On April 18, 2016, Plaintiffs filed their Complaint in San Francisco County Superior Court which alleges twelve causes of action:  (i) intentional misrepresentation; (ii) negligent misrepresentation; (iii) strict products liability; (iv) negligent products liability; (v) breach of express warranty; (vi) breach of implied warranty; (vii) battery; (viii) negligence; (ix) specific performance; (x) false advertising; (xi) unfair business practices; and (xii) wrongful birth.

Defendants removed the action to this Court on June 1, 2016 based on diversity jurisdiction.

///

///

///

-7-

### III. ARGUMENT

#### A. The Court Should Transfer the Action Pursuant to 28 U.S.C. §1404(a) Because the Parties Agreed to Venue in United States District Court for the Southern District of Georgia

The Court has the authority to transfer this action pursuant to 28 U.S.C. §1404(a) which provides:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or <u>to any district or division to which all parties have consented</u>.

[emphasis added.]

A motion to transfer pursuant to 28 U.S.C. §1404(a), which codifies the doctrine of *forum non conveniens*, is the proper procedure to enforce a contractual forum-selection provision. *Atlantic Marine Construction Co., supra,* 134 S. Ct. at 580. A forum-selection clause, however, changes the "calculus" of a motion under 28 U.S.C. §1404(a):

> The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." For that reason, and because the overarching consideration under §1404(a) is whether a transfer would promote "the interest of justice," "<u>a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.</u>" The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways.

*Atlantic Marine Construction Co., supra,* 134 S. Ct. at 581, *quoting Stewart Organization, Inc., supra,* 487 U.S. at 33 [emphasis added].

First, Plaintiffs bear the burden of showing that the transfer to the Southern District of Georgia is unwarranted. *Atlantic Marine Construction Co., supra,* 134 S. Ct. at 581-582.

> [W]hen a plaintiff agrees by contract to bring suit only in a specified forum— presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its "venue privilege" before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed.

*Id.* at 582.

Here, Plaintiffs agreed that venue would be proper in Richmond County, Georgia in exchange for Xytex's promise to provide its services as a sperm bank. The choice of venue is and was a key part of the parties' agreement, so that Xytex does not have the burden of

-8-

J SUPPLE LAW PC
2330 Marinship Way, Suite 250
Sausalito, CA 94965

defending actions in any state or country where a purchaser lives. Scholer Decl., ¶4. The Supreme Court recognized this legitimate business reason, and two other relevant grounds of certainty and pricing, in upholding a forum-selection clause in a form contract between a cruise line and its passengers, even when the parties did not directly negotiate the contract:

> Including a reasonable forum clause in a form contract of this kind well may be permissible for several reasons: First, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. Additionally, a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions. Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-594 [citations omitted].

As the *Atlantic Marine Construction Co.* court correctly recognized:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

134 S. Ct. at 583.

Plaintiffs cannot meet their heavy burden to show why the Court should disregard the parties' Agreement requiring that any dispute would be resolved in Richmond County, Georgia.

Second, the Court "should not consider arguments about the parties' private interests" and "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 582. For example, any inconvenience to Plaintiffs of litigation in Georgia was "clearly foreseeable at the time of contracting," yet Plaintiffs still agreed to purchase sperm from Xytex, a Georgia corporation, rather than a sperm bank located in California. *Id.*

Third, this Court's choice-of-law rules do not apply to the action once transferred to Georgia, which can be a public-interest factor in considering transfer to a jurisdiction where the court will be applying the unfamiliar law of the jurisdiction where the case originated. *Id.* Here,

-9-

J SUPPLE LAW PC
2330 Marinship Way, Suite 250
Sausalito, CA  94965

J SUPPLE LAW PC
2330 Marinship Way, Suite 250
Sausalito, CA 94965

1  the parties agreed that Georgia law applies, so it is appropriate for venue to also be in Georgia

2  court that is familiar with Georgia law.  Scholer Decl., ¶4, Ex. B, §XV.  Moreover, any choice-

3  of-law issues are immaterial to the distinctly separate issue of venue, since this Court must

4  engage in the same choice-of-law analysis under federal law as will the federal court sitting in

5  Georgia.  *See, e.g., Sawyer v. Bill Me Later*, 2011 WL 7718723, *5-6 (CD Cal. 2011),

6  *distinguishing Doe 1 v. AOL LLC*, 552 F.3d 1077, 1082-1083 (9th Cir.2009) [analyzing

7  availability of federal forum, rather than state forum, in upholding choice of forum clause for

8  federal court].

9  The Court should respect the parties' consent to litigate this action in the Southern

10 District of Georgia by granting Xytex's motion.

**B.  There Is No Public Policy that Contravenes the Enforceable Forum Selection Clause**

Plaintiffs cannot meet their heavy burden of overturning the enforceable forum selection clause.

> In the Ninth Circuit, "[a] forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable."

*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 868 (N.D. Cal. 2015), *quoting AOL LLC, supra,* 552 F.3d at 1083.

> [T]he Ninth Circuit has distilled the rule that a contractual forum clause must be given effect unless there is a showing that, "(1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought."

*Galaviz v. Berg*, 763 F. Supp. 2d 1170, 1173 (N.D. Cal. 2011), *quoting R.A. Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 325 (9th Cir.1996).

The validity of these three potential exceptions to the enforcement of a forum selection clause is called into question by the Supreme Court's subsequent decision in *Atlantic Marine Construction Co.,* which expressly held that a party's private interests in evading the clause cannot be considered and that only public policy interests justify invalidating the clause.  134 S.

-10-

J SUPPLE LAW PC
2330 Marinship Way, Suite 250
Sausalito, CA 94965

1   Ct. at 581.  Nonetheless, none of these circumstances exist in this case and the parties' forum

2   selection clause should be enforced.

3   First, there is no evidence that the forum selection clause was the result of fraud, undue

4   influence or overweening bargaining power.  The Agreement was readily accessible on Xytex's

5   website and users such as Plaintiffs were free to leave the website if they would not agree to the

6   terms of the Agreement.  As discussed above, the "lack of opportunity or bargaining power to

7   negotiate the contract terms [does not] render[] enforcement of the venue clause unreasonable."

8   *Galaviz, supra,* 763 F.Supp.3d at 1173, *citing Carnival Cruise Lines, Inc., supra,* , 499 U.S. at

9   593 [upholding forum selection clause in form contract between cruise line and passengers

10  despite lack of negotiation or "bargaining parity"].

11  Second, Plaintiffs cannot meet their burden to show that litigation in Georgia is so

12  "gravely difficult and inconvenient" that they will be deprived of their day in court, particularly

13  since so much of modern litigation occurs over the internet (e.g. e-filing).  Plaintiffs chose to

14  contract with a Georgia corporation, so they can litigate in Georgia.  In any event, this is the type

15  of private interest rejected in *Atlantic Marine Construction Co.*  134 S. Ct. at 581

16  Third, Plaintiffs cannot show that the Georgia forum selection clause "would contravene

17  a strong public policy of the forum in which suit is brought, whether declared by statute or by

18  judicial decision."  *AOL LLC, supra,* 552 F.3d at 1083.  For example, in *AOL LLC*, a class action

19  alleging violation of the California Consumer Legal Remedies Act ("CLRA"), the court refused

20  to enforce a forum clause selecting Virginia state courts based on a prior California state court

21  decision involving the same clause that held that: "(i) enforcement of the forum selection clause

22  violated California public policy that strongly favors consumer class actions, because consumer

23  class actions are not available in Virginia state courts, and (2) enforcement of the forum selection

24  clause violates the anti-waiver provision of the [CLRA]."  *Id.* at 1083-1084.  In contrast to *AOL*

25  *LLC*, there are no such public policies declared by statute or judicial decision in this case.

26  Plaintiffs have not filed a CLRA class action, but instead sued in California despite voluntarily

27  agreed to litigate in Georgia, where Plaintiffs can argue that California law applies instead of

28  Georgia law to the same extent they can in this Court.  Plaintiffs cannot create a public policy

-11-

exception by speculating how a Georgia court will rule based on a choice of law analysis. *See, e.g., East Bay Women's Health, Inc. v. gloStream, Inc.*, 2014 WL 1618382, *2-3 (N.D. Cal. 2014) [Alsup, J.], *distinguishing AOL LLC, supra,* 552 F.3d at 1082.  "The question is not whether the application of the forum's law would violate the policy of the other party's state, but rather, whether enforcement of the forum selection agreement would violate the policy of the other party's state as to the forum for litigation of the dispute."  *Voicemail Club, Inc. v. Enhanced Servs. Billing, Inc.*, 2012 WL 4837697, *3 (N.D. Cal. 2012), *quoting Swenson v. T–Mobile USA, Inc.*, 415 F.Supp.2d 1101, 1105 (S.D.Cal.2006).  In other words, "[i]n order to prevail on the argument that the forum selection clause itself would contravene California public policy, a party must show that the underlying state law claim relates to venue." *Sawyer, supra,* 2011 WL 7718723, *7.

The court's analysis in *Rowen, supra,* 2015 WL 899294, *4-8, and similar cases cited therein (including *East Bay Women's Health, Inc.*), is applicable and controlling in this case.  In *Rowen*, Plaintiffs opposed a motion to transfer based on a Georgia forum selection clause based in part on the argument that a non-compete agreement that was contrary to California public policy and unenforceable under California Business & Professions Code §16600 might be enforceable in Georgia.  *Id.* at *1, 4-7.  The *Rowen* court rejected this argument because this public policy related to the choice of applicable substantive law, not to the forum selection provision.  *Id.* at *4-7.  As in *Rowen*, transferring this action to federal court in Georgia will not foreclose any remedy available to Plaintiffs in this forum, since "there is no reason why the Georgia court will not or cannot entertain [Plaintiffs'] choice of law arguments."  *Id.* at *6.

In short, there is no public policy stated in any California statute or judicial decision that overcomes the parties' controlling provision selecting the forum for this litigation to be the Southern District of Georgia.

///

///

///

///

## IV. CONCLUSION

As shown above, valid forum selection clauses such as the one in the Agreement must be enforced except in the rare instance, which does not exist here. Xytex respectfully requests that the Court transfer this action to the United States District Court for the Southern District of Georgia, which is the forum to which the parties agreed.

Respectfully submitted,

Dated: June 8, 2016

J SUPPLE LAW, A Professional Corporation

By:    */s/ Robert D. Sanford*
     JOHN L. SUPPLE
     ROBERT D. SANFORD
     KATHLEEN HUMPHREY

Attorney for Defendants
XYTEX CORPORATION, XYTEX CRYO INTERNATIONAL, LTD., J. TODD SPRADLIN, M.D., and MARY HARTLEY

**J SUPPLE LAW PC**
2330 Marinship Way, Suite 250
Sausalito, CA 94965