IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2,<br><br>Plaintiffs,<br><br>v.<br><br>XYTEX CORPORATION, a Georgia Corporation, XYTEX CRYO INTERNATIONAL, LTD., a Georgia Corporation, MARY HARTLEY, an individual, J. TODD SPRADLIN, an individual, and DOES 1–25, inclusive,<br><br>Defendants. | No. C 16-02935 WHA<br><br>**ORDER SETTING EVIDENTIARY HEARING** |

In this product-liability action involving an Internet purchase of human semen for use in artificial insemination, defendants moved to transfer the action to the District of Georgia based on a forum-selection clause in a site-usage agreement buried within a menu on defendant Xytex's website when plaintiffs' used defendants' services in 2004. A prior order rejected defendants' argument that the website reasonably communicated the existence of the agreement (much less its terms). That order held defendants' motion in abeyance pending jurisdictional discovery relating to plaintiffs' *actual* notice of the site-usage agreement (Dkt. No. 27).[*]

At the deposition of plaintiff Jane Doe 1, plaintiffs' counsel made numerous speaking objections that effectively coached the witness and rendered the deposition a fruitless exercise.

---

[*] The order also provided for discovery into the appearance of Xytex's website in 2004. As stated in the prior order, judicial notice of the Wayback Machine is **DENIED**. Nevertheless, the deposition testimony of defendant J. Todd Spradlin confirmed that the website appeared as described in the prior order.

Indeed, while Doe 1 generally testified that she could not recall which parts of the Xytex website she read, she averred she was certain she had *not* viewed the site-usage agreement (Doe 1 Dep. at 121, 125).  (Jane Doe 2 testified that she deferred to Doe 1 on the procurement of the semen for the procedure.)

For their part, defense counsel ambushed Doe 1 with questions regarding the site-usage agreement that purportedly governed use of Xytex's services in 2015, although defendants made no mention of that agreement in their motion to transfer.  Yet, defendants failed to cite or quote any provision of the 2015 agreement in their supplemental materials, so there is no indication that agreement has *any* relevance here.

An additional deposition would be liable to the same pitfalls as the first.  Thus, this order hereby **SETS** an evidentiary hearing for **WEDNESDAY, SEPTEMBER 28 AT 9:00 A.M.**  Defendants, who bear the burden of proof on their motion to transfer, may conduct direct examination of both Doe 1 and Doe 2.  Each side shall have up to one hour of examination time.  In addition to addressing plaintiffs' use of the Xytex website in 2004, the examination may address plaintiffs' general Internet-browsing practices at that time for the purpose of establishing circumstantial evidence of their actual notice of the agreement on Xytex's website.  This hearing shall *not* address the 2015 agreement, which defendants never addressed in their motion.

**IT IS SO ORDERED.**

Dated:   August 31, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE