United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE 1 and JANE DOE 2,

    Plaintiffs,

  v.

XYTEX CORPORATION, and XYTEX CRYO INTERNATIONAL LTD.,

    Defendants.

No. C 16-02935 WHA

**ORDER DENYING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM AND TO APPROVE SETTLEMENT**

Plaintiff Jane Doe One, seeks appointment as guardian ad litem of her eleven-year-old biological child, Baby Doe, a non-party, and approval of a settlement on Baby Doe's behalf. As stated on the record, this Court does not have personal jurisdiction over Baby Doe (who is not a party), and therefore cannot approve a settlement on her behalf. On this basis, the motion is **DENIED**.

This order further notes, however, that the settlement proposed here — which forecloses to the minor any future legal remedies against Xytex in exchange for a small lump sum payment — is troubling (*see* Dkt. No. 97-3). In support of this compromise, plaintiffs have submitted a declaration from a psychologist stating that offspring of one schizophrenic parent has only a ten percent chance of developing schizophrenia (Dkt. No. 97-8 ¶ 3). They have further declared that Baby Doe yet shows no signs of schizophrenia, and therefore a $50,000 settlement (of which Baby Doe will only receive $30,000 after deduction of attorney's fees) is fair and reasonable (Dkt. No. 97-3 at 8). These declarations do not supply any information about what age the symptoms of schizophrenia typically begin to manifest, or what lifelong costs of treatment would run. Instead, plaintiffs reason that because they cannot *currently* show that it is

more probable than not Baby Doe will develop an injury, the relatively low settlement amount is fair (*ibid.*).

Should Baby Doe develop schizophrenia, or any other undisclosed medical condition for that matter, she should be permitted to seek compensation at that time. Compromising her future potential rights for a relatively insignificant sum could result in serious harm. Were this proposed compromise properly before this Court, it would be inclined to deny approval.

**IT IS SO ORDERED.**

Dated: October 18, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE