IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE 1 and JANE DOE 2,

Plaintiffs,

v.

XYTEX CORPORATION, and XYTEX CRYO INTERNATIONAL LTD.,

Defendants.

No. C 16-02935 WHA

**ORDER RE MOTION TO SEAL**

Plaintiffs move to seal their petition for appointment of guardian ad litem and approval of settlement on behalf of a minor.

In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To seal judicial records in connection with a dispositive motion requires "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *See id.* at 1178–79 (quotations and citations omitted). A particularized showing of "good cause" under F.R.C.P. 26(c), however, suffices to warrant sealing of judicial records in connection with a non-dispositive motion. *Id.* at 1179–80.

Here, plaintiffs argue that the good cause standard applies citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). In *Phillips*, however, the settlement agreements at issue were produced in discovery and not attached to a dispositive

motion.  In contrast, approval of the settlement at issue here would end the case.  It is, undoubtedly, dispositive, and needs to meet the more stringent compelling reasons standard.

Here, plaintiffs first seek to seal their names and their child's name on the grounds that this is a highly personal matter involving family planning and is therefore of an extremely personal and sensitive nature (Dkt. No. 97-1 at 3).  This is a compelling reason justifying sealing.  Moreover, the public has little interest in learning the identities of plaintiffs.  Accordingly, plaintiffs motion to seal their names and their child's name is **GRANTED**.

Plaintiffs next seek to seal the entirety of their settlement, as well as references to the settlement amounts in their motion for approval of settlement.  They argue that sealing is warranted because the parties agreed to keep their settlement confidential, and the confidentiality is "consistent with the maintenance of their privacy in this case" (*id.* at 2).

*First*, their motion fails to comply with our Civil Local Rule 79-5(d), which requires sealing to be narrowly tailored to only sealable material.  Much of the settlement agreement is a boilerplate legal form with no personal or confidential information whatsoever.

*Second*, plaintiffs do not offer compelling reasons to seal the agreement upon which this dispositive motion relies.   Revealing the amount of settlement, and the terms of the agreed-upon release does not bear on the plaintiffs privacy interests where their names and identities are redacted.  Moreover, the public has an interest in knowing the terms of an agreement that purports to affect the well-being a minor child.  Accordingly, plaintiffs' motion to seal the entirety of its settlement agreement, and the proposed sums paid in settlement is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 18, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2